INCORPORATED VILLAGE OF LAUREL HOLLOW, Respondent-Appellant, v. LAVERNE ORIGINALS, INC., et al., Appellants-Respondents.— Appeals by plaintiff and defendants from parts of a judgment in an action to restrain the use of premises in violation of plaintiff's zoning ordinance, and appeal by plaintiff from an order which denied its motion to amend the judgment. Judgment modified on the law by adding after the second decretal paragraph: "2a. Ordered, adjudged and decreed that the defendants and each of them,

their agents and employees be, and they hereby are, enjoined and restrained from performing or suffering to be performed on the above described premises any of the following acts as a business or in connection with the business of the corporate defendant or any other corporation or firm or individual: Storing wallpaper, fabrics, furniture, statuary, ceramics, paints, inks, lacquers, thinners, coloring materials, screens for screen printing, vats or other products or materials; manufacturing or processing wallpaper, fabrics, furniture, statuary, ceramics or other products or materials; Maintaining, operating and using welding equipment, power equipment, machinery, tools, equipment and appliances; Screen-printing of wallpaper or fabrics; Processing or production of Marbalia or marbleized wallpaper; Using the aforesaid described premises as a workshop where any employees of said defendants do designing or other work on furniture, fabrics, wallpaper, statuary or ceramics or other products; Maintaining or using the aforesaid described premises in part or in whole as a factory; and it is further ". As so modified, judgment affirmed, without costs. Informal findings of fact are affirmed. In view of the modification of the judgment, the appeal from the order is dismissed, without costs. The learned Official Referee properly held that there was no existing nonconforming use of the premises at the time when the zoning ordinance became effective and that the activities of the defendants were not a continuation of the use which had been made of the premises by the predecessor in title. The defendants were engaged in the conduct of the business of the corporate defendant on these premises. Specific restraints should, therefore, have been decreed. The right of the individuals to partial use for professional purposes does not warrant conversion of the part used into a factory or commercial establishment or a place of business. Adel, Acting P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., dissents and votes to affirm the judgment and order appealed from, with the following memorandum: I agree with the majority that the use of the premises involved for professional purposes is not prohibited. In my opinion, however, the language of the modification is so broad as to result in a limitation of the professional use which the judgment expressly permits. [See *post,* p. 815.]