■ INCORPORATED VILLAGE OF LAUREL HOLLOW, Respondent, v. LAVERNE ORIGINALS, INC., et al., Appellants.— In proceedings to punish the defendants for contempt of court for violating an injunction theretofore obtained by the plaintiff, enjoining the defendants' violation of its Building Zone Ordinance (*Incorporated Vil. of Laurel Hollow* v. *Laverne Originals*, 283 App. Div. 795, affd. 307 N. Y. 784), the defendants appeal from two orders of the Supreme Court, Nassau County, as follows: (1) An order entered December 27, 1962, which granted the plaintiff's motion to punish defendants for contempt of said court; adjudged that they were in contempt of court for disobeying said permanent injunction; fined them $250 to be paid to the plaintiff within 30 days after the entry of the order, with leave to purge themselves of contempt by making such payment; and directed that, if the fine were not paid, the individual defendants were to be arrested and committed until the fine was paid or they were otherwise discharged by law; and (2) an order dated April 19, 1963, which granted plaintiff's second motion to punish defendants for contempt; adjudged that they were in contempt of court for disobeying said permanent injunction; fined them $250 to be paid to the plaintiff; directed that they pay the additional sum of $300 to the plaintiff for its legal fees and disbursements, all to be paid to the plaintiff within 30 days after the entry of the order, with leave to purge themselves of contempt by making such payments; and directed that, if the fine and legal expenses were not paid, the individual defendants were to be arrested and committed until the fine and legal expenses were paid or they were otherwise discharged by law. Orders reversed, without costs; and motions denied, without costs. The plaintiff's Building Zone Ordinance provides that it is the duty of the Building Inspector to enforce the provisions of said ordinance and authorizes him, in the .discharge of his duties, " to enter any building or premises at any reasonable hour" (art. X, § 10.1). Section 10.2 of article X provides that: (a) a person, who violates or causes a provision of the ordinance to be violated, shall thereby be guilty of disorderly conduct, and shall be deemed to be a disorderly person and, on conviction, shall be subject to a fine of not more than $100 for each violation; (b) if any such person fails to abate any such violation within 5 calendar days after written notice has been personally served or within 10 days after notice by registered mail, " said person shall be subject to a civil penalty " of $100 " for each and every day that said violation continues, recoverable by suit brought by the Village"; (c) " The imposition of the penalties herein prescribed shall not preclude the Village Attorney from instituting any appropriate action or proceeding to prevent the unlawful * * * maintenance or use, or to restrain, correct or abate a violation, or to prevent an illegal act, conduct, business or use in or about the premises"; and (d)· "No oversight or dereliction of duty on the part

of the Building Inspector or his representative shall legalize the erecting, construction, alteration, removal, use or occupancy of a building or structure that does not conform to the provisions of this ordinance or the State Building Construction Code." The defendants' building was inspected in 1962 and 1963 by the Building Inspector and by other officials for evidence as to violation of the injunction and the ordinance. Upon the basis of the inspections and searches by the Building Inspector, the plaintiff made the two motions herein to punish the defendants for contempt. In our opinion, if the defendants' contentions as to an unlawful entry, unlawful search and unlawful evidence are invalid, Special Term did not err in granting the motions to punish the defendants for contempt of court for violating the injunction. However, it appears that, on the basis of the said searches in 1962, the plaintiff also instituted criminal actions against the defendant Erwine Laverne for violations of the ordinance. The criminal actions resulted in convictions, but on June 10, 1964 the Court of Appeals reversed the convictions and dismissed the informations on the ground that the convictions were the result of an unlawful search; i.e., the provisions of the ordinance which purported to sanction entry into private premises by the Building Inspector, a village official, without the consent of the occupant, and, indeed, against his resistance, for the purpose of obtaining evidence for a criminal prosecution was invalid (*People* v. *Laverne*, 14 N Y 2d 304). The companion appeal (*Incorporated Vil. of Laurel Hollow* v. *Laverne, Inc.*, 24 A D 2d 615) reveals that prior to the entry of the second contempt order, the village instituted an action against the defendants herein and others, seeking in its amended complaint to recover over $800,000, at the rate of $100 a day as the statutory penalty against the respective defendants named in the three causes of action. Here, we have a situation where the village had obtained an injunction enjoining the defendants from violating the Zoning Ordinance and specifying in detail some of the acts which the defendants were prohibited from doing. Thereafter, if the defendants violated the injunction and the ordinance, the plaintiff was in a position, after obtaining proof as to the violations: (1) to enforce the injunction by moving to punish the defendants for contempt of court and by obtaining orders imposing fines on the individual defendants and committing them until the fines were paid or the defendants were otherwise legally discharged; (2) to institute criminal proceedings against the defendants or some of them; and/or (3) after giving proper notice, to seek civil penalties at the rate of $100 a day for each day of violation. In fact, it appears that the plaintiff resorted to all three of these remedies. The evidence utilized in the contempt proceedings, as in the criminal actions, was obtained by the Building Inspector by entry into the premises and a search, without a search warrant. The entry and search were not intended to lead to summary administrative corrections for the purpose of abating a hazard immediately dangerous to health and public safety (cf. *People* v. *Laverne*, 14 N Y 2d 304, *supra*). There was no immediate major crisis affording neither the time nor opportunity to seek a search warrant (cf. *District of Columbia* v. *Little*, 178 F. 2d 13, affd. on other grounds 339 U. S. 1). The situation did not involve evidence wrongfully obtained by a private person, to be used solely in litigation between private persons (cf. *Sackler* v. *Sackler*, 16 A D 2d 423; *Sackler* v. *Sackler*, 15 N Y 2d 40). Here, the Government obtained the evidence by a Government official acting in his public capacity. Technically, the information and evidence produced by the Building Inspector was to be used in civil proceedings, when used in the contempt proceedings. But, in substance and effect, the proceedings were quasi-criminal in nature. Their objects, as in criminal actions, were in part to punish the individual defendants for violating the law by violating the

injunction. For a failure to pay the fines imposed, the individual defendants were subject to imprisonment. In our opinion, the village, which could not, in the criminal actions, utilize the evidence unlawfully obtained (*People* v. *Laverne*, 14 N Y 2d 304, *supra*), may not utilize the same evidence in the contempt proceedings (cf. *People* v. *Laverne, supra*; *Boyd* v. *United States*, 116 U. S. 616; *Plymouth Sedan* v. *Pennsylvania*, 380 U. S. 693). We think that, in the light of *People* v. *Laverne* (*supra*) and *People* v. *Barber* (289 N. Y. 378, 384), the determinations in *Frank* v. *Maryland* (359 U. S. 360) and *Ohio ex rel. Eaton* v. *Price* (364 U. S. 263) are distinguishable. (For companion appeals, see *Laverne* v. *Corning*, 24 A D 2d 602, and *Incorporated Vil. of Laurel Hollow* v. *Laverne*, 24 A D 2d 615.) Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.