■ HOWARD CORNING, JR., et al., Respondents, v VILLAGE OF LAUREL

HOLLOW, Appellant.—In an action to obtain indemnification for legal expenses incurred while defending a prior lawsuit, defendant appeals from an order of the Supreme Court, Nassau County, dated January 4, 1978, which granted plaintiffs' motion for summary judgment, denied its cross motion for summary judgment and directed an assessment of damages. Order reversed, on the law, with $50 costs and disbursements, plaintiffs' motion for summary judgment denied, and defendant's cross motion for summary judgment granted. The facts in this case are undisputed. Plaintiffs are former officers and employees of the Village of Laurel Hollow. In 1962 the plaintiffs, then employed by the village, made several searches of the premises of a Mr. and Mrs. Laverne for the purpose of finding zoning violations. An injunction had previously been issued against the Lavernes, prohibiting them from carrying on their wallpaper design business in an area zoned for residential use *(Incorporated Vil. of Laurel Hollow v Laverne Originals,* 283 App Div 795, affd 307 NY 784). As a result of these searches, several prosecutions were commenced against the Lavernes for criminal violation of the zoning ordinances, contempt, and for a civil penalty. In 1964 the New York Court of Appeals reversed their convictions in the criminal prosecutions on the ground that the searches had been unlawful and in violation of their constitutional rights *(People v Laverne,* 14 NY2d 304). Subsequently, the other judgments against the Lavernes were reversed (see *Incorporated Vil. of Laurel Hollow v Laverne Originals,* 24 AD2d 616). On the basis of the decision of the New York Court of Appeals, the Lavernes commenced a Federal civil rights action against the plaintiffs in their personal capacities. The suit was brought for deprivation of their constitutional rights in violation of section 1983 and subdivisions (2) and (3) of section 1985 of title 42 of the United States Code. A jury determined that the plaintiffs had been acting in good faith when they made the searches and the Federal District Court held that this was a complete defense to the action *(Laverne v Corning,* 376 F Supp 836). The United States Court of Appeals for the Second Circuit affirmed (522 F2d 1144). The plaintiffs requested to be reimbursed for the legal fees incurred in their defense of the *Laverne v Corning* suit, but the village has not authorized such an appropriation. Accordingly, the plaintiffs commenced this action. It appears well settled that an attorney may not be compensated for services rendered a municipal board or officer unless he has been retained by statutory authority *(Seif v City of Long Beach,* 286 NY 382). "In other words, the power to employ counsel by a municipal board or officer is not deemed to be incidental to such board or officer. Rather, express authority, either by statute or by appropriate resolution of the governing body, must be shown" *(Cahn v Town of Huntington,* 29 NY2d 451, 454-455). It is believed that such a rule prevents extravagance or corruption of municipal officials, as well as collusion with attorneys (p 455). Accordingly, the plaintiffs are not entitled to recover their legal fees from the village. Defendant's cross motion for summary judgment is therefore granted. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.