■ JAMES GIORDANO, Plaintiff, v THOMAS O'NEILL et al., Appellants, and COUNTY OF WESTCHESTER, Respondent.—In an action to recover damages for personal injuries, the defendants Thomas O'Neill and Andrew Guski appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), entered March 19, 1986, which granted the motion of the defendant County of Westchester to permit its counsel to withdraw a notice of appearance served on behalf of the appellants and denied the separate cross motions of the defendants O'Neill and Guski for an order directing the County of Westchester to defend them in this action or to provide them with counsel.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the cross motions of the defen-

dants O'Neill and Guski and substituting therefor a provision granting the cross motions to the extent of directing the defendant county to provide private counsel to O'Neill and Guski pursuant to Westchester County Administrative Code § 297.31 (2) (b) (iii) to represent them; as so modified, the order is affirmed, with costs to the appellants.

The plaintiff, who was an inmate of the Westchester County jail, alleged that the defendant Correction Officers O'Neill and Guski assaulted him. The complaint alleged a violation of his civil rights actionable under 42 USC § 1983 and that the incident had occurred while the officers were acting within the scope of their employment.

The county refused to defend the officers and moved to withdraw a notice of appearance previously filed on the behalf of O'Neill. The county contended that the officers had acted outside the scope of their employment and pointed out that disciplinary and criminal charges against the officers based on the same incident were pending. The officers contended that they were acting within the scope of their employment and cross-moved for an order directing the county to defend them or pay for their private counsel pursuant to Westchester County Administrative Code § 297.31 (2) (a) which provides: "2.a. Upon compliance by the employee with the provisions of Subdivision 4 of this section, the county shall provide for the defense of the employee in any civil action or proceeding in any municipal, state or federal court, including an action or proceeding which is brought to enforce a provision of Section 1981 or Section 1983 of Title 42 of the United States Code, arising out of any alleged act or omission which occurred while the employee was acting within the scope of his or her public duties. This duty to provide for a defense shall not arise where such civil proceeding is brought by or on behalf of the county".

The Supreme Court properly determined that whether the officers acted within the scope of their employment was a factual issue to be resolved at the trial (see, Riviello v Waldron, 47 NY2d 297). However, we disagree with the court's conclusion that the officers were not entitled to legal representation by the county during the trial but instead should seek reimbursement for legal fees from the county if they prevailed on this issue at trial.

Analogizing this defense and indemnification section in the code to private insurance contracts, we conclude that the county's duty to defend is broader than its ultimate obligation to indemnify (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d

304; *Baron v Home Ins. Co.,* 112 AD2d 391). Since the county failed to demonstrate conclusively that the officers were acting outside the scope of their employment, and would therefore fall outside the protection of Westchester County Administrative Code § 297.31 (2) (a), it is required to provide a defense for the officers *(see, e.g., Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6; *Baron v Home Ins. Co., supra).* All the parties agree that a conflict of interest exists between the county and the officers in this action. The county is therefore directed to pay for private counsel to the officers pursuant to Westchester County Administrative Code § 297.31 (2) (b) (iii).

We find that the officers have substantially complied with the notice requirements in Westchester County Administrative Code § 297.31 (4). The purpose of the requirement of delivery of a copy of the pleadings and a written request for representation is to allow the county the opportunity to investigate the alleged incident and to prevent a default. Here the county was aware of the action because it was made a party, it was aware that the officers were requesting representation, and at one point it served a notice of appearance on behalf of the officers.

The constitutional arguments presented by the officers were not raised in the court of first instance and are therefore not preserved for appellate review *(see, Cibro Petroleum Prods. v Chu,* 67 NY2d 806; *Nelson v Times Sq. Stores Corp.,* 110 AD2d 691, *appeal dismissed* 67 NY2d 645). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.