(November 13, 1990)

■ DINO BOULOUKOS, Appellant, v FIRST SECURITY INSURANCE CORPORATION et al., Respondents.—In an action for a judgment declaring that the insurance policies issued by the defendants provided coverage to the plaintiff on July 25, 1985, the plaintiff appeals from two judgments of the Supreme Court, Westchester County (Facalle, J.), dated April 18, 1989, and May 4, 1989, which, upon an order granting the respective motions of the defendants Interboro Mutual Indemnity Insurance Co. and First Security Insurance Corporation for

summary judgment, dismissed the complaint. The plaintiff's notice of appeal from the order entered April 4, 1989, is deemed a premature notice of appeal from the judgment dated May 4, 1989 *(see,* CPLR 5520 [c]).

Ordered that the judgment dated April 18, 1989, is modified by adding thereto a provision declaring that the policy issued by the defendant Interboro Mutual Indemnity Insurance Co. did not cover the plaintiff on July 25, 1985, because he was operating his vehicle while his driver's license was suspended; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment dated May 4, 1989, is modified by adding thereto a provision declaring that the policy issued by the defendant First Security Insurance Corporation did not cover the plaintiff on July 25, 1985, because he was operating his motor vehicle while his driver's license was suspended; as so modified, the judgment is affirmed, without costs or disbursements.

This action arises out of an accident which occurred on July 25, 1985, when the plaintiff, while operating a motorcycle, was struck by a "hit and run" driver. At the time, the plaintiff's driver's license had been suspended for his failure to timely answer a traffic summons. The plaintiff had an insurance policy issued by the defendant First Security Insurance Corporation which contained an endorsement for coverage in the event that the insured was injured by an uninsured automobile. The other defendant, the Interboro Mutual Indemnity Insurance Co., had issued an insurance policy to the plaintiff's stepfather containing a similar endorsement, which may have benefited the plaintiff as a member of his stepfather's household. Both insurance companies disclaimed coverage under exclusionary clauses in their respective policies excluding uninsured coverage to an insured when he is injured while operating a vehicle in violation of an order of suspension.

The plaintiff claims that because the suspension was merely "administrative" as defined in the New York State Insurance Law § 3425, the exclusionary clause could not be invoked. However, as the Supreme Court found, Insurance Law § 3425 only precludes an insurance company from canceling or failing to renew a policy based on an administrative suspension and does not extend to the operation of exclusionary clauses. The meaning of the exclusionary clauses was plain and unambiguous and in the absence of ambiguity the courts will not rewrite the parties' contracts *(see, Government Employees Ins. Co. v Kligler,* 42 NY2d 863).

By participating in this litigation the parties have waived their right to arbitrate this claim *(see, Sherill v Grayco Bldrs.,* 64 NY2d 261).

Finally, the argument presented by the plaintiff in his reply brief that the suspension was ineffective for lack of notice, was not raised in the court of first instance and is therefore not preserved for appellate review *(see, Giordano v O'Neill,* 131 AD2d 722; *see also, Lang v Cohalan,* 127 AD2d 17, 21; *Nelson v Times Sq. Store Corp.,* 110 AD2d 691). Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.