John C. Jilnicki, Esq. Informal Opinion Deputy Town Attorney No. 95-6 Town of East Hampton 159 Pantigo Road East Hampton, N Y 11937
Dear Mr. Jilnicki:
You have asked several questions relating to the defense of a town official under section 18 of the Public Officers Law (your town code parallels its provisions). You have explained that a member of the town board was sued for defamation in State court by the chief of police arising out of statements allegedly made by the defendant to newspaper reporters. You have described the context in which the statements were made. This, however, is a question of fact which need not be defined for purposes of answering the questions of law that you have raised and is appropriately left to the town board which ultimately must decide whether provision of defense is appropriate.
You have asked whether the town board has discretion under Public Officers Law § 18 to provide the town officer with a defense in the defamation action where the complaint fails to allege unlawful conduct within the scope of the defendant's employment. Second, in these circumstances, you ask whether the town board must accept the opinion of its town attorney as to whether the officer is entitled to a defense. Finally, you ask whether the town board has discretion under section 18 to refuse to pay defense costs pending a determination as to whether the defendant was acting within the scope of his employment.
Section 18 of the Public Officers Law authorizes and establishes the procedure for defense and indemnification of local government officers and employees. It applies upon the affirmative decision of the local governing body to confer its benefits upon its employees. Under section 18, a local government must provide for the defense of an employee
 in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties.
Public Officers Law § 18(3)(a). A local government is required to indemnify and save harmless its employees in the amount of any judgment obtained in a State or Federal court or in the amount of any settlement of a claim, provided that the act or omission occurred while the employee "was acting within the scope of his public employment or duties". Id., § 18(4)(a).
In Hassan v Fraccola, 851 F.2d 602 (2d Cir 1988), the Court of Appeals for the Second Circuit dealt with the question whether an allegation in the complaint that the act occurred within the defendant's scope of employment established an obligation of defense by the municipality. The Court traced the history of section 18 and focused on the language that the act "allegedly occurred" within the scope of employment. It concluded that an allegation in the complaint that the defendant was acting within the scope of his employment is sufficient to establish the duty of the local government to provide a defense.
 This interpretation is consistent with section 18's legislative history, which indicates that its defense and indemnification provisions were intended to be the same as those of section 17, in which the duty to defend is triggered by the complaint.
Hassan, supra, at p 605.
If the complaint fails to allege that the defendant acted within the scope of his duties, the second test authorized by section 18 is applied in which the local government investigates whether the alleged act or omission occurred within the scope of the employee's duties. Polak vSchenectady, 181 A.D.2d 233, 236 (3d Dept 1992). This determination is made regardless of the allegations made in the complaint. Ibid. This second test is required by the language of section 18 which authorizes a defense where the alleged act or omission "occurred" while the employee was acting within the scope of his duties. This determination should be an objective one based on the actual facts of the case. Beare v Byrne,103 A.D.2d 814, 815 (2d Dept 1984); Informal Opinion No. 92-12. The duty to defend is broader than the ultimate obligation to indemnify. Informal Opinion No. 92-12; Giordano v O'Neill, 131 A.D.2d 722, 723 (2d Dept 1987). In the event the local government fails to demonstrate conclusively that the employee was acting outside the scope of his or her employment, it is required to provide a defense. Giordano, supra, at p 724.
Returning to your inquiries, if the complaint fails to allege conduct within the scope of employment, under section 18 the town board must review the actual facts relating to the lawsuit. If the facts indicate conduct within the scope of employment, a defense must be provided. Second, the town board need not accept the opinion of the town attorney as to whether the town must provide a defense. The town board has responsibility for making this decision. Town Law § 65; 1980 Op Atty Gen (Inf) 152.
Finally, in our view the town board does not have authority automatically to refuse to provide a defense or pay for defense costs pending a judicial determination as to whether the employee acted within the scope of his duties. Such action would be inconsistent with section 18
of the Public Officers Law which requires the provision of a defense based upon allegations in the complaint or upon the making of certain factual determinations at the time the litigation is commenced.Giordano, supra, at p 723.
We conclude that under section 18 of the Public Officers Law a town is authorized to provide a defense to one of its employees if the complaint alleges behavior within the scope of the employee's duties or upon a factual determination that this is the case by the town board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions