Frank J. Phillips, Esq. Informal Opinion Town Attorney No. 96-36 Town of Stony Point 50 Route 9W, Monte Plaza Stony Point, N Y 10980
Dear Mr. Phillips:
You have asked whether a town attorney may provide legal representation to a town judge in a grievance brought before the Commission on Judicial Conduct.
You have informed us that your town provides defense and indemnification to town officials under the provisions of section 18 of the Public Officers Law. Section 18 provides a scheme for defense and indemnification of public employees upon an affirmative decision by a local government to utilize its provisions. Public Officers Law §18(2). Once section 18 is selected through local option, it takes the place of defense and indemnification provided to the local government's employees by another legislative enactment unless the local government's governing body provides that the benefits of section 18 will supplement, rather than replace other defense and indemnification provisions. Id., § 18(12). If other provisions are not specifically preserved or applied, however, section 18 will fully replace them. Cokerv. City of Schenectady, 200 A.D.2d 250 (3d Dept 1994), app dismissed,84 N.Y.2d 1027 (1995).
Thus, a local government that has enacted a local law (see, Corning v.Village of Laurel Hollow, 64 A.D.2d 918 [2d Dept 1978], affd, 48 N.Y.2d 348
[1979]) providing for defense and indemnification of its officers and employees may instead elect to apply the provisions of section 18 solely, continue to provide for defense and indemnification under the local law, or supplement the local law with the provisions of section 18. You have informed us that your town provides defense and indemnification to its officers and employees solely under section18 of the Public Officers Law. We need not look beyond section 18, then, for authority to provide the representation.
Under section 18, upon compliance by the employee with the requirements of the provision, the local government provides defense of the employee
 in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties.
Public Officers Law § 18(3)(a).
 The local government must indemnify and save harmless its employees in the amount of any judgment obtained against such employees in a state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which such judgment or claim arose occurred while the employee was acting within the scope of his public employment or duties.
Id., § 18(4)(a).
It seems clear under these provisions that the duty to defend and indemnify local employees only applies to civil actions or proceedings in a State or Federal court. While the duty to defend under section 18(3)(a) applies to any civil action or proceeding, State or Federal, we believe that the defense duty applies to those actions or proceedings only in State or Federal court. In our view, the duty to defend is not broader than the duty to indemnify which specifically is limited to actions or proceedings in State or Federal court. Section 18 was a proposal of the New York Law Revision Commission, which modeled its proposal on section17 of the Public Officers Law, providing defense and indemnification to State officers and employees.[1] Under section 17, the duty to defend applies to civil actions or proceedings in any State or Federal court. Thus, the legislative history indicates that the duty to defend under section 18 was not intended to be broader than the State's obligation under section 17. The defense of a judge, therefore, in a grievance proceeding brought before the Commission on Judicial Conduct is outside the provisions of section 18.
We conclude that section 18 of the Public Officers Law does not provide authority for representation of a town judge by the town attorney in a grievance proceeding before the Commission on Judicial Conduct.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions
[1] New York Law Revision Commission, Memorandum Relating to Indemnification and Defense of Public Officers and Employees, 204th Assembly, Reg. Sess. (1981), reprinted in 1981 N Y Laws 2314, 2315.