Joseph P. Clark, Esq. Informal Opinion Village Attorney No. 97-24 Village of South Corning 46 East Market Street Corning, N Y 14830
Dear Mr. Clark:
You have asked whether the village is obligated to provide legal defense of the chief and assistant chief of its volunteer fire department in a sex discrimination proceeding against these officers filed with the New York State Division of Human Rights by a member of the fire department.
You informed me that you are not sure whether the village has adopted section 18 of the Public Officers Law as its authority for defense and indemnification or has authorized defense and indemnification by local law. You have requested that we respond to your question covering both alternatives.
Section 18 of the Public Officers Law provides a scheme for defense and indemnification of public employees upon an affirmative decision by a local government to utilize its provisions. Public Officers Law § 18(2). Once section 18 is selected through local option, it takes the place of defense and indemnification provided to the local government's employees by another legislative enactment unless the local government provides that the benefits of section 18 will supplement, rather than replace these other defense and indemnification provisions. Id., § 18(12). If other provisions are not specifically preserved or applied, section 18 will fully replace them. Coker v. City ofSchenectady, 200 A.D.2d 250 (3d Dept 1994), appeal dismissed,84 N.Y.2d 1027 (1995). Thus, a local government that has enacted a local law providing for defense and indemnification of its officers and employees may instead elect to apply solely the provisions of section 18, continue to provide for defense and indemnification under the local law, or supplement the local law with provisions of section 18.
Under section 18 of the Public Officers Law, upon compliance by the employee with the requirements of the provision, the local government provides defense of the employee
 in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties. Public Officers Law § 18(3)(a).
The local government must
 indemnify and save harmless its employees in the amount of any judgment obtained against such employees in a state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which such judgment or claim arose occurred while the employee was acting within the scope of his public employment or duties. Id., § 18(4)(a).
Under the above provisions, it seems clear that the duty to defend and indemnify local employees only applies to civil actions or proceedings in a State or Federal court. While the duty to defend under the language of section 18(3)(a) applies to any civil action or proceeding, State or Federal, we believe the duty applies to court actions or proceedings only. In our view, the duty to defend in section 18 parallels the duty to indemnify, which specifically is limited to actions or proceedings in State or Federal court. Section 18 was a proposal of the New York Law Revision Commission, which modeled its proposal on section 17
of the Public Officers Law providing defense and indemnification to State officers and employees.[1] Under section 17, the duty to defend applies to civil actions or proceedings in any State or Federal court. Thus, the legislative history indicates that the duty to defend under section 18 was not intended to be broader than the State's obligation under section 17.
Therefore, section 18 of the Public Officers Law does not authorize a municipality to provide for the defense of one of its officers or employees in a sex discrimination complaint before the New York State Division of Human Rights.
You have also asked that we consider the authority to provide for defense of the chief and assistant chief by local law. Under the New York State Constitution, every local government is empowered to adopt and amend local laws relating to its property, affairs, or government provided that the local laws are consistent with the Constitution or any general State law. N Y Const, Art IX, § 2(c)(i). Also, a local government may enact local laws relating to the terms and conditions of employment of its employees. Id., § 2(c)(ii)(1). We believe that local laws providing for defense and indemnification generally fall within these grants of authority. See, Corning v. Village of Laurel Hollow, 64 A.D.2d 918 (2d Dept 1978), affd, 48 N.Y.2d 348 (1979).
In Corning, the Court of Appeals was faced with a claim by former village officials for reimbursement of their costs and legal fees incurred in asserting a successful defense to a civil rights action brought against them in their official capacities. The Court held that, without the benefit of authorizing legislation, the village's reimbursement of these expenses "would constitute a gift of public funds for a purely private purpose" which is expressly prohibited by the Constitution. Corning,48 N.Y.2d at 350; N Y Const, Art VIII, § 1. The Court of Appeals cited the general principle that, absent extraordinary circumstances, a municipality may not be compelled to pay for attorneys' fees unless an attorney's retainer is authorized by statute or appropriate resolution of the governing body. Corning, 48 N.Y.2d at 351. Central to the Court's denial of governmental indemnification, however, was the fact that the former officers were sued personally for their actions in office and that their attorneys performed no services for the village. Corning,48 N.Y.2d at 352. Any payment to the attorneys for the employees' previously incurred costs, absent prior authorizing legislation, would contravene the constitutional prohibition against gifts of public funds for a private purpose. Corning, 48 N.Y.2d at 353. The Court held that a municipality may only spend money to satisfy lawful obligations and may not compensate persons for performing acts which the government itself had no duty to perform. Corning, 48 N.Y.2d at 353. According to the Court,
 [o]ne of the risks traditionally associated with the assumption of public office is that of defending oneself against charges of misconduct at one's own expense. Corning, 48 N.Y.2d at 353, citing Chapman v. City of New York, 168 N.Y. 80, 85-86 (1901).
The Court qualified its holding, however, by stating that
 [t]his is not to question the power of the municipality to enact an ordinance empowering it to defend its officials who in the future may be charged with violating the law in the performance of their duties. Such a considered policy decision would raise no constitutional objections, for the cost of the defense would simply be considered additional remuneration. Corning, 48 N.Y.2d at 354.
Thus, the Court of Appeals in Corningheld that the New York State Constitution prohibits a payment to reimburse defense costs without a pre-existing local law meeting constitutional requirements and authorizing the payment of these costs. The Court of Appeals recognized that a legislative decision to reimburse these costs as part of the benefits provided to an employee in return for his public service ensures that the benefit does not violate the gift and loan provisions of the State Constitution.
Therefore, it is clear that a local government is authorized to provide on a prospective basis for defense and indemnification through the enactment of a local law. Further, in that the local law is enacted upon home rule authority, it may be broader in its coverage than the provisions of section 18 of the Public Officers Law. As under section 18, however, a local law may only provide for defense and indemnification regarding actions by a municipal officer or employee that fall within the scope of his or her employment. Otherwise, the expenditure of municipal funds would constitute an unconstitutional gift of public money.
We conclude that section 18 of the Public Officers Law does not by its terms authorize the defense of a municipal officer or employee in a proceeding before the New York State Division of Human Rights. A municipality may, however, by local law provide on a prospective basis for the reimbursement of defense costs in such a proceeding provided that the employee was acting within the scope of his or her duties and is acquitted of the charges of discrimination.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions
[1] New York Law Revision Commission, Memorandum Relating to Indemnification and Defense of Public Officers and Employees, 204th Assembly, Reg. Sess., 1981, Reprinted in 1981 N Y Laws 2314, 2315.