Informal Opinion Peter F. Zullo, Esq. Village Attorney Village of Malverne 99 Church Street Malverne, N Y 11565-1726
Dear Mr. Zullo:
You have requested an opinion concerning litigation brought against the village board and the village library board. In your request and subsequent telephone conversations, you state that a civil rights suit has been filed against both boards as corporate entities and that one member of each board also has been named as an individual defendant. You have advised us that the boards are independent entities and that you, as village attorney, represent both boards. You also state that they are covered by the same insurance policy.
You ask whether, when the village board meets to consider a settlement proposal, the member who is named individually may participate in deliberations or whether a disqualifying conflict of interests exists. You also ask whether the member may be present when the board, in executive session, hears the advice of the village attorney and counsel for the insurance carrier. You note that the same questions arise in connection with deliberations by the village library board.
We conclude that the board members named in the lawsuit have the duty, regarding the litigation against the village and library, to participate in their boards' deliberations and in executive session to receive the advice of counsel. Generally, board members have a duty, as elected representatives, to represent the interests of the village or library and their constituents. Therefore, they have a responsibility to attend board meetings and executive sessions and deliberate upon the questions raised there.
In any event, the mere naming of a board member (or members under the other scenarios you present) as an individual defendant in a lawsuit in the circumstances you describe does not disqualify the member from deliberating as to settlement of the lawsuit. A determination has been made that the members are entitled to defense by the village at public expense because the acts alleged in the complaint occurred or allegedly occurred while the employees were acting within the scope of their public employment or duties. See, Public Officers Law § 18;Corning v. Laurel Hollow, 64 A.D.2d 918 (2d Dept 1978), affd, 48 N.Y.2d 348
(1979). Accordingly, the members' interests appear, at least in the first instance, to coincide with that of the board. In this situation, there is no basis for disqualification. If at any time during the course of the litigation, a board member's interests are at odds with those of the village or library, recusal may be necessary. This determination should be made upon the advice of the village attorney, who ultimately has responsibility to defend the village or library as a corporate entity.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General