Owen B. Walsh, Esq. Informal Opinion County Attorney No. 97-40 County of Nassau Nassau County Executive Building One West Street Mineola, N Y 11501-4820
Dear Mr. Owen:
You have asked several questions as to the responsibility of the county to defend and indemnify county officials who are defendants in an action commenced under section 51 of the General Municipal Law whereby a taxpayer can seek reimbursement for "waste" of public funds.
You inquire whether the county is responsible for defense of a county official who is sued in his or her official capacity. Also, you ask whether the county must defend an official who is sued in his or her individual capacity.
You refer to section 18 of the Public Officers Law, which establishes a scheme for defense and indemnification of officers and employees of municipalities and other public entities, and to the provisions of the Nassau County Administrative Code. While we do not review local enactments since this is appropriately the role of the municipal attorney or local officials familiar with local conditions and local legislative intent, we note that the responsibility to defend under the Nassau County Administrative Code is substantively the same as under section 18 of the Public Officers Law. Under the Code, the county is responsible for the defense of an employee in a civil action or proceeding in any State or Federal court "arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties . . .". Nassau County Administrative Code § 22-2.8(2)(a). The same is true of Public Officers Law §18(3)(a) which provides for defense of an alleged act or omission, which "occurred or allegedly occurred" while the employee was acting within the scope of his or her duties.[1]
In Hassan v. Fraccola, 851 F.2d 602 (2d Cir 1988), the Court of Appeals for the Second Circuit dealt with the question whether under section18 of the Public Officers Law an allegation in the complaint that the act occurred within the defendant's scope of employment established an obligation of defense by the municipality. The Court traced the history of section 18 and focused on the language that the act "allegedly occurred" within the scope of employment. It concluded that an allegation in the complaint that the defendant was acting within the scope of employment is sufficient to establish the duty of the local government to provide a defense.
 This interpretation is consistent with section 18's legislative history, which indicates that its defense and indemnification provisions were intended to be the same as those of section 17, in which the duty to defend is triggered by the complaint.
Hassan, supra, at p 605. We note that the Nassau County Administrative Code provides that the county must defend an employee for any alleged act or omission which occurred or is "alleged in the complaint" to have occurred while the employee acted within the scope of his or her duties.
If the complaint fails to allege that the defendant acted within the scope of his or her duties, the second test authorized by section 18 (and the Nassau County Administrative Code) is applied, in which the local government investigates the facts and determines whether the alleged act or omission occurred within the scope of the employee's duties. Polak v.Schenectady, 181 A.D.2d 233, 236 (3d Dept 1992). This second test is required by the language of section 18 which authorizes a defense where the alleged act or omission "occurred" while the employee was acting within the scope of his or her duties. This determination should be an objective one based on the actual facts of the case. Beare v. Byrne,103 A.D.2d 814, 815 (2d Dept 1984), affd, 67 N.Y.2d 922 (1986); Op Atty Gen (Inf) No. 92-12. The duty to defend is broader than the ultimate obligation to indemnify. Op Atty Gen (Inf) No. 92-12; Giordano v.O'Neill, 131 A.D.2d 722, 723 (2d Dept 1987). In the event the local government fails to demonstrate conclusively that the employee was acting outside the scope of his or her employment, it is required to provide a defense. Giordano, supra, at p 724.
As the foregoing suggests, the fact that the employee is sued in his or her individual capacity is irrelevant. The question is whether the employee was acting within the scope of his or her employment under the standards described above.
You also asked whether the county has responsibility to indemnify a county employee sued in his or her official capacity and whether the county has this responsibility if the employee is sued in his or her individual capacity. While the determination of responsibility to provide a defense is sometimes difficult because it must be made prior to the presentation of evidence at trial, when only the accusations are known, a decision on indemnification is more certain. Before a municipality can indemnify an employee for the cost of a judgment or settlement, the municipal attorney must evaluate whether the employee acted within the scope of his or her employment and advise the governing body. Any payment for activity outside the scope of employment would be an unconstitutional gift of public funds under Article VIII, § 1 of the State Constitution. See also, Corning, supra, 48 N.Y.2d at 354. This standard is provided in the Nassau County Administrative Code and in the provisions of the Public Officers Law. Nassau County Administrative Code § 22-2.8(3)(a); Public Officers Law § 18(4)(a). Here also it is irrelevant whether the employee has been sued in his or her official or individual capacity. The question is whether indemnification is justified in that it has been found by the county that the employee acted within the scope of his or her public employment or duties.
Finally, you have inquired whether, in the event of a judgment that the employee has wasted public funds, the county must seek reimbursement of taxpayer money and legal fees. There is no responsibility to recoup legal fees provided that proper findings were made at the time of the accusations, as discussed above. The taxpayer, as the successful litigant, can recoup public funds in accordance with the judgment and order of the court. General Municipal Law § 51.[2] Once again, we see no distinction between an employee sued in his or her official, rather than individual capacity.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions
[1] Under the New York State Constitution, every local government is empowered to adopt and amend local laws relating to its property, affairs, or government provided that the local laws are consistent with the Constitution or any general State law. NY Const, Art IX, §2(c)(i). Also, subject to the same limitations, a local government may enact local laws relating to the terms and conditions of employment of its employees. Id., § 2(c)(ii)(1). We believe that local laws providing for defense and indemnification fall within these grants of authority. See, Corning v. Village of Laurel Hollow, 64 A.D.2d 918 (2d Dept 1978), affd, 48 N.Y.2d 348 (1979). We note that section 18 may be selected through local option to take the place of defense and indemnification provided to the local government's employees by another legislative enactment. In such an instance, section 18 applies unless the local government provides that the benefits of section 18 will supplement, rather than replace, these other defense and indemnification provisions. Id., § 18(12). If other provisions are not specifically preserved or applied, section 18 will fully replace them. Coker v. City ofSchenectady, 200 A.D.2d 250 (3d Dept 1994), appeal dismissed,84 N.Y.2d 1027 (1995). Thus, a local government that has enacted a local law providing for defense and indemnification of its officers and employees may instead elect to apply solely the provisions of section 18, continue to provide for defense and indemnification under the local law, or supplement the local law with provisions of section 18.
[2] Section 51 provides: In case the waste or injury complained of consists in any board, officer or agent in any county, town, village or municipal corporation, by collusion or otherwise, contracting, auditing, allowing or paying, or conniving at the contracting, audit, allowance or payment of any fraudulent, illegal, unjust or inequitable claims, demands or expenses, or any item or part thereof against or by such county, town, village or municipal corporation, or by permitting a judgment to be recovered against such county, town, village or municipal corporation, or against himself in his official capacity, either by default or without the interposition and proper presentation of any existing legal or equitable defenses, or by any such officer or agent, retaining or failing to pay over to the proper authorities any funds or property of any county, town, village or municipal corporation, after he shall have ceased to be such officer or agent, the court may, in its discretion, prohibit the payment or collection of any such claims, demands, expenses or judgments, in whole or in part, and shall enforce the restitution and recovery thereof, if heretofore or hereafter paid, collected or retained by the person or party heretofore or hereafter receiving or retaining the same, and also may, in its discretion, adjudge and declare the colluding or defaulting official personally responsible therefor, and out of his property, and that of his bondsmen, if any, provide for the collection or repayment thereof, so as to indemnify and save harmless the said county, town, village or municipal corporation from a part or the whole thereof; and in case of a judgment the court may in its discretion, vacate, set aside and open said judgment . . .