Hon. Joseph H. Boardman Formal Opinion Commissioner No. 97-F9 Department of Transportation State Campus Albany, N Y 12232
Dear Commissioner Boardman:
Your counsel has inquired whether the Department of Transportation (DOT) is authorized to reimburse an employee for legal fees expended to defend his right to retain a driver's license in a motor vehicle hearing convened to investigate an accident.
Counsel has explained that under provisions of the Vehicle and Traffic Law the Department of Motor Vehicles is authorized to hold hearings to investigate the causes of accidents and to determine whether drivers' licenses should be suspended or revoked. DOT employees involved in accidents in the course of their employment who are the subject of these hearings are at risk of losing their licenses and as a result their employment. DOT has been requested to defend employees at these hearings. While the Department has concluded that defense by Department attorneys is inappropriate because of conflicts of interests that may result from a defense based on faulty equipment, negligent maintenance of a State highway or other factors contrary to the State's interests, your counsel has asked whether the Department can reimburse these employees for their legal fees.
Sections 17 and 19 of the Public Officers Law provide authority for defense of an "employee" of the State. For purposes of both provisions, "employee" is in part defined as "any person holding a position by election, appointment or employment in the service of the state, whether or not compensated, or a volunteer expressly authorized to participate in a state-sponsored volunteer program". Public Officers Law §§ 17(1)(a), 19(1)(a). Under section 17, upon compliance by the employee with procedural requirements, the State is required to defend him or reimburse defense costs in any "civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties . . .". Id., § 17(2)(a), (b). A parallel provision provides for indemnification. Id. § 17(3)(a). Section19 of the Public Officers Law requires the State to reimburse an employee for reasonable attorneys' fees and litigation expenses incurred by the employee in his "defense of a criminal proceeding in a state or federal court" arising out of any act which occurred within the scope of the employee's public employment or duties and upon his acquittal or the dismissal of criminal charges against him. Id., § 19(2)(a). Also, the State is required to reimburse reasonable attorneys' fees incurred by an employee in connection with an appearance before a grand jury which returns no indictment against the employee and where the appearance resulted from actions occurring within the scope of the employee's public employment or duties. Id.
Sections 17 and 19 are the two general statutes providing for defense of State employees. The Legislature has on occasion extended the provision of defense and indemnification. See, for example, section 14
of the Public Health Law. Your question is whether reimbursement of legal fees paid by an employee to defend his right to retain a driver's license in a motor vehicle hearing, as described above, is authorized by section 17 or 19 or some other provision.
We are not aware of any provision authorizing reimbursement of these legal fees. Further, by their express terms sections 17 and 19 do not authorize reimbursement of these fees. Section 17 authorizes defense or payment of defense costs in relation to civil actions or proceedings "in any state or federal court". Id., § 17(2)(a). Section 19 provides for reimbursement of defense costs in any criminal proceeding "in a state or federal court" or in connection with an appearance before a grand jury.Id., § 19(2)(a). These provisions do not cover administrative proceedings, such as a hearing conducted by the Department of Motor Vehicles. An act of the State Legislature would be required to authorize the reimbursement of defense costs with respect to such an administrative proceeding. For example, a legislative authorization to implement the terms of a collective bargaining agreement could provide the necessary authority.
The payment of defense costs without appropriate authorizing legislation would constitute a gift of public funds in violation of the provisions of the State Constitution. See, Corning v. Village of Laurel Hollow,64 A.D.2d 918 (2d Dept 1978), affd, 48 N.Y.2d 348 (1979).
We conclude that there is no authorization for the Department of Transportation to reimburse an employee for legal fees incurred in a hearing before the Department of Motor Vehicles to determine the right of the employee to retain his driver's license.
Very truly yours,
DENNIS C. VACCO
Attorney General