Robert E. Diaz, Esq. Formal Opinion General Counsel No. 97-F8 The City University of New York Office of General Counsel and Vice Chancellor for Legal Affairs 535 East 80th Street New York, N Y 10021
Dear Mr. Diaz:
You have asked whether the Hunter College Foundation and its officers and employees (Foundation), a not-for-profit corporation separate from Hunter College and any other senior colleges comprising the City University of New York (CUNY), may receive defense and indemnification by the State upon the transfer to the Foundation of the Roosevelt House.
You have explained that the Roosevelt House currently is owned by the Hunter College Student Social, Community and Religious Clubs Association, which was incorporated in perpetuity by act of the State Legislature in 1943, at which time the Association acquired the Roosevelt House.
The March 21, 1997 letter to you from the president of Hunter College, transmitted with your opinion request, explains the purpose of the Foundation and its proposed use of the Roosevelt House. The Foundation functions exclusively for the benefit of Hunter College, providing financial assistance to the college through fundraising and other activities. It is anticipated that ownership of the Roosevelt House by the Foundation will facilitate fundraising activities. The Foundation plans to engage in a private fundraising campaign to renovate the Roosevelt House and, thereafter, the House will be used for programs and activities to benefit the college. The president states that in view of Hunter College's extensive rights to use the Roosevelt House, the college, while not holding legal title to the House, will be the de facto owner.
We conclude that the State is not authorized to provide defense and indemnification to the Foundation. Under section 6205(1) of the Education Law, the State is required to save harmless and indemnify members of the board of trustees, members of the teaching or supervisory staff, officers and employees of the senior colleges comprising CUNY in accordance with section 17 of the Public Officers Law. This authorization by its terms does not apply to the Foundation, a not-for-profit corporation constituting a legal entity separate from the senior colleges comprising CUNY.
Nor does section 17 independently provide authority. Section 17 provides defense and indemnification in any civil action or proceeding to an "employee". The term "employee" is defined as a person holding a position by election, appointment or employment in the service of the State or a volunteer expressly authorized to participate in a State-sponsored volunteer program. Public Officers Law § 17(1)(a). This provision does not include the Foundation. The Legislature has specifically provided coverage under section 17 to officers and employees of various public benefit corporations and other entities whose legal existence is separate from the State of New York, which otherwise would not receive defense and indemnification protection. Id. § 17(1)(b), (c), (d), (e), (f), (g), (h), (i), (j), (k). Similarly, a special act of the State Legislature would be required in order to provide coverage to the Foundation.
Without a statutory authorization for defense and indemnification, even public officials assume the risk of defending themselves and satisfying any judgment resulting, for example, from a finding of negligence.Corning v. Village of Laurel Hollow, 64 A.D.2d 918 (2d Dept 1978), affd,48 N.Y.2d 348 (1979); see also, Chapman v. City of New York, 168 N.Y. 80,85-86 (1901). Further, defense and indemnification coverage under section 17 or any other statutory authorization is construed narrowly. Op Atty Gen No. 96-F5; Op Atty Gen No. 93-F5.
We conclude that there is no authorization for the State to defend and indemnify the Hunter College Foundation and its employees.
Very truly yours,
DENNIS C. VACCO
Attorney General