Anthony M. Cerreto, Esq. Informal Opinion Village Attorney No. 98-4 Village of Port Chester 10 Pearl Street Port Chester, N Y 10573
Dear Mr. Cerreto:
You have informed us that your village is considering enacting a local law that would provide for defense and indemnification of village officers and employees. Under the proposed local law, in the event that the village attorney is unable to represent an officer or employee of the village because of a conflict of interests, the officer or employee would have the right to alternate counsel but would have to obtain legal representation from a list of three attorneys selected by the village attorney and satisfactory to the village board of trustees. You have noted that this provision is inconsistent with section 18 of the Public Officers Law, which in the case of a conflict of interests affords the officer or employee the right to choose his or her own attorney. Your inquiry is whether section 18 of the Public Officers Law is the exclusive means for defense and indemnification of municipal officers and employees or whether the village has the authority under the provisions of the Municipal Home Rule Law to enact a local law providing for defense and indemnification that includes the above provision.
Public Officers Law § 18 provides a scheme for defense and indemnification of local government and other officers and employees upon an affirmative decision by the local government or other entity to utilize its provisions. Public Officers Law § 18(2). If section 18 is employed through local option, however, it takes the place of defense and indemnification provided to the local government's employees by any other legislative enactment unless the local government provides that the benefits of section 18 will supplement, rather than replace these other defense and indemnification provisions. Id., § 18(12). If other defense and indemnification provisions are not specifically preserved or applied, section 18 will fully replace them.Coker v. City of Schenectady, 200 A.D.2d 250 (3d Dept 1994), appealdismissed, 84 N.Y.2d 1027 (1995).
Local governments are also authorized to enact local laws providing for defense and indemnification of their officers and employees. See, Corningv. Village of Laurel Hollow, 64 A.D.2d 918 (2d Dept 1978), affd,48 N.Y.2d 348 (1979). The provision of defense and indemnification is a term and condition of employment and therefore falls within home rule authority. Municipal Home Rule Law § 10(1)(ii)(a)(1).
Therefore, a local government has three basic choices. It may enact a local law providing for defense and indemnification solely under the provisions of that law. Alternatively, the local government may elect to apply the provisions of section 18 of the Public Officers Law. Finally, a local government may supplement the provisions of section 18 or replace certain provisions of section 18 with other provisions enacted by local law. You have indicated that your village has decided to enact a local law which would constitute the sole authorization for local defense and indemnification. Under the above analysis, this is permissible.
Generally, we see no impediment to the establishment by local law of a list of attorneys from which an officer or employee of the village must obtain legal counsel in the event that the village attorney has a conflict of interests in representing the officer or employee. Under section 18 of the Public Officers Law, for example, the chief legal officer of the local government may require as a condition to the payment of fees and expenses for representation that appropriate groups of employees be represented by the same counsel. Also, attorneys' fees and litigation expenses are required to be reasonable. Public Officers Law § 18(3)(b). You should consider, however, the potential for a divergency of interests between the officer or employee of the village and the village itself as an entity. In a situation like this, it may be inappropriate to require the officer or employee to select an attorney from the list prepared by the village. In that the attorney would be dependent upon the village for legal work under its local law, arguably a conflict of interests would result. In such a situation, there is at least an appearance of a conflict of interests which can be avoided by permitting the officer or employee to select legal counsel of his or her choice subject to reasonable restrictions.
We conclude that section 18 of the Public Officers Law is not the exclusive scheme for defense and indemnification by a local government. A local government may provide for defense and indemnification by local law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions