■ In the Matter of JOSE GARCIA, Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered May 13, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel respondents to certify that petitioner is entitled to payment of attorney's fees for private counsel in defense of a Federal civil action. The issues presented arise from the withdrawal from a case by an Assistant Attorney-General upon her claim that petitioner did not fully co-operate in the defense of a claim against him. Petitioner is a permanently appointed employee of the New York State Department of Correctional Services and has been employed at the Downstate Correctional Facility since 1972. In October of 1981, petitioner and six other correction officers were named defendants in a civil action commenced in Federal District Court. The complaint alleges, in brief, that petitioner and the other defendants confiscated plaintiff's property, assaulted him and, by the use of excessive force, deprived him of the opportunity to receive proper medical care and treatment while plaintiff, one Herrera, was an inmate at Downstate Correctional Facility. Upon being served, petitioner promptly exercised the option available to him under section 17 of the Public Officers Law and requested that the Attorney-General defend him in the Federal civil action. In response, an Assistant Attorney-General was assigned to represent petitioner and an answer was interposed on his behalf. Petitioner was requested to forward certain reports and memoranda to the Assistant Attorney-General and to attend conferences and otherwise assist in the furtherance of his defense and, concededly, he performed these chores satisfactorily. The sole reason

assigned as his failure to co-operate fully was a false answer he gave while being deposed by plaintiff's attorney. It appears that on June 25, 1978, petitioner was arrested and charged with reckless endangerment for allegedly using his firearm while off duty. The charge was later dismissed and the disciplinary proceedings, instituted because of the incident, concluded with petitioner being reinstated. Petitioner contends that he fully disclosed the arrest and all details of the incident to the Assistant Attorney-General. He further claims that his negative answer to the question as to whether he had ever been arrested after reaching the age of 21 resulted from his confusion over the Assistant Attorney-General's instructions just before the deposition to refuse to answer any questions concerning the disciplinary proceedings.[*] The Assistant Attorney-General counters contending that petitioner deliberately lied and that such conduct constituted a failure to fully co-operate, thus prompting her request to the court by motion that she be permitted to withdraw from her representation of petitioner. The motion was granted by the District Judge upon the ground that the relationship between petitioner, as defendant therein, and the Assistant Attorney-General "does not permit meaningful or effective representation". The court expressly stated that its conclusion was not based upon affidavits submitted *in camera* by the Assistant Attorney-General and indicated that petitioner might apply to New York Supreme Court for appointment of counsel. Petitioner then commenced this proceeding, at the conclusion of which Special Term determined that respondents had failed to establish lack of co-operation and found petitioner entitled to be represented by private counsel of his choice at the State's expense and awarded attorney's fees. This appeal followed. Section 17 (subd 2, par [a]) of the Public Officers Law (all references are to the Public Officers Law unless otherwise indicated) provides that the State shall provide a defense for an employee in the situation in which this petitioner finds himself upon the employee's compliance with subdivision 4 of that section. Subdivision 4 in relevant part provides: "The duty to defend or indemnify and save harmless prescribed by this section shall be conditioned upon * * * (ii) the full cooperation of the employee in the defense of such action". Since research fails to reveal cases interpreting the "full cooperation" provision of section 17, we turn for guidance to those cases interpreting the similar language "failed * * * to cooperate" contained in subdivision 5 of section 167 of the Insurance Law. In so doing, we find it well established that an insurer asserting the defense of a failure to co-operate on the part of the insured must demonstrate that it acted diligently in seeking to bring about the insured's co-operation, that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation, and that the attitude of the insured, after his co-operation was sought, was one of willful and avowed obstruction (see, e.g., *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168). In addition to this three-pronged test, an insurer who disclaims upon the insured's failure or refusal to co-operate has the burden of proving the insured's lack of co-operation and such burden is a heavy one (see *id.; Van Opdorp v Merchants Mut. Ins. Co.*, 55 AD2d 810, 811; see, also, Insurance Law, § 167, subd 5). Moreover, for the insurer to prevail, it must establish not merely a breach, but a breach that is both substantial and material (*State of New York v Aetna Cas. & Sur. Co.*, 43 AD2d 988, citing *Schoenfeld v New Jersey Fid. & Plate Glass Ins. Co.*, 203 App Div 796). We perceive no basis in reason or logic not to apply these principles to the full co-operation provisions of section 17 and under the circumstances prevailing find no cause to differentiate between one who has purchased coverage and one who

---

[*] Petitioner, without assistance or advice from the Assistant Attorney-General, corrected the answer by affidavit sent to plaintiff's counsel before forwarding the signed transcript.

is statutorily provided the same protection by reason of his employment. Application of these principles and tests to the facts at bar lead us to conclude that Special Term was correct in finding that respondents had failed to carry their burden. It cannot be fairly concluded on this record that petitioner deliberately lied as he was quick to correct the situation despite the absence of any assistance from the Assistant Attorney-General toward that end. Certainly he demonstrated no attitude of avowed obstruction. Moreover, in the light of the circumstances prevailing, the mistake or falsehood was of inconsequential dimension in that it is most unlikely that evidence concerning petitioner's arrest is admissible in the Federal case (Federal Rules of Evidence, US Code, tit 28, rule 404, subd [b]) and, if such evidence perchance came to light, the defense would have an opportunity to explain. Hence, no irreparable harm has been done so as to impede the insurer's, here the State's ability to defend the action. The authorities advanced by respondents in support of their lack of co-operation contention are all easily distinguishable for each involved a material and substantial false statement which, unlike the present case, seriously impeded the insurer's ability to defend the action. However, we disagree with Special Term's conclusion that petitioner is entitled to private counsel of his own choice at State expense and to attorney's fees in the CPLR article 78 proceeding. Section 17 (subd 2, par [b]) permits representation by private counsel at State expense only in those situations where review of the facts makes it apparent that representation by the Attorney-General would be inappropriate or where a conflict of interest exists. Neither circumstance exists here. Lastly, there is clearly no statutory authority under section 17 for attorney's fees in connection with the bringing of an article 78 proceeding nor does this proceeding fit within the allowance provisions of CPLR 8303. Judgment modified, on the law, without costs, by reversing so much thereof as directed respondents to certify petitioner's right to private counsel at State expense and awarded counsel fees; respondent Attorney-General ordered to assign different counsel upon petitioner's reapplication under section 17 of the Public Officers Law; and as so modified, affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.