In the Matter of JOSEPH POLAK, Appellant, v CITY OF SCHENEC-
TADY, Respondent.

Third Department, July 9, 1992

234

### APPEARANCES OF COUNSEL

*Grasso & Grasso (Jonathan B. Summers* of counsel), for appellant.

*Michael R. Cuevas, Corporation Counsel (L. John Van Norden* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

Based upon an incident that occurred in late September or early October 1989, when petitioner and Thomas Couture were employed by respondent as police officers, Couture commenced an action against petitioner. The complaint asserts, *inter alia,* causes of action for assault and intentional infliction of mental distress and alleges that petitioner, "without just cause or provocation assaulted and battered * * * Couture, by placing a loaded gun to his forehead two (2) times" in the vice squad office of respondent's police department, that Couture was "in fear of immediate death" and that "[petitioner] acted with the intent to cause or with the knowledge that [these acts] would cause severe mental distress to [Couture]".

In this proceeding, petitioner seeks a judgment requiring respondent to defend and indemnify him pursuant to Public Officers Law § 18. The petition alleges that the summons and complaint were served upon petitioner on March 27, 1990 and sent to respondent on April 11, 1990. It is further alleged that respondent declined to defend or indemnify petitioner on the

ground that the claimed offensive conduct did not occur within the scope of petitioner's employment. In its answer to the petition, respondent asserted no affirmative defenses and did not raise the issue of untimely notice under Public Officers Law § 18 (5). Supreme Court dismissed the petition, finding that the 10-day notice requirement of Public Officers Law § 18 (5) is a condition precedent to respondent's obligation to defend and indemnify and that petitioner did not deliver the summons and complaint to respondent's chief legal officer within 10 days of service. This appeal ensued.

■ Initially, we agree with petitioner that under these circumstances Supreme Court erred in dismissing the petition based upon the 10-day notice requirement of Public Officers Law § 18 (5). First, although a disclaimer might have been premised on the late notice furnished by petitioner, because the ground was not raised in the letter of disclaimer it may not be asserted now (see, General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864; Fabian v MVAIC, 111 AD2d 366, 367; Schiff Assocs. v Flack, 73 AD2d 329, 333, affd 51 NY2d 692). In so holding, we recognize that it is appropriate to analogize Public Officers Law § 18 to private insurance contracts (see, Giordano v O'Neill, 131 AD2d 722, 723; Matter of Garcia v Abrams, 98 AD2d 871). Second, the purpose of the 10-day delivery requirement is to prevent default and to afford the municipality an opportunity to promptly investigate the incident to determine, among other things, whether the employee was acting within the scope of his or her employment (see, Giordano v O'Neill, supra, at 724; Lapidot v State of New York, 88 Misc 2d 1090, 1095). As such, Supreme Court's construction of the notice requirement as a condition precedent is, in our view, far too narrow (see, Giordano v O'Neill, supra; Lapidot v State of New York, supra, at 1096, n 7). Even were we to construe the notice requirement of Public Officers Law § 18 (5) as a condition precedent to the benefits of Public Officers Law § 18, as did Supreme Court, given the timing of respondent's answer to the petition, its failure to plead nonperformance of the condition precedent constitutes a waiver (see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 218).

We turn then to respondent's claim that its determination that petitioner was not acting within the scope of his employment is not irrational, an issue that Supreme Court did not reach. Public Officers Law § 18 (3) (a) requires the public entity to provide a defense for any incident "arising out of any alleged act or omission *which occurred or allegedly occurred*

while the employee was acting within the scope of his public employment or duties" (emphasis supplied). The statute imposes a two-part test to be applied by the Corporation Counsel in determining whether a defense is authorized *(see, Matter of Spitz v Abrams,* 123 Misc 2d 446, 449-450). The first part of the test requires a review of the complaint in the action against the employee to determine if it is alleged that the public employee committed a wrongful act within the scope of his public employment. "[T]he determining factor is the conduct charged by the injured party, not what the actual conduct may in fact have been" *(supra,* at 450; *see, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325-326; *Matter of Garcia v Abrams,* 98 AD2d 871, *supra).* The second part of the test requires the Corporation Counsel to investigate the "alleged act or omission" to ascertain whether it did in fact occur "while the employee was acting within the scope of his public employment or duties" *(Matter of Spitz v Abrams, supra,* at 450). Irrespective of the allegations of the complaint, if the Corporation Counsel's investigation demonstrates that the wrongful act or omission actually occurred within the scope of the public employee's duties, the public entity must provide a defense *(see, supra).*

Petitioner apparently does not rely upon the allegations of the complaint, as they do not charge that the alleged wrongful acts were committed in the course of petitioner's employment. Rather, petitioner argues that questions of fact exist as to whether the offensive conduct occurred within the scope of his employment. We agree that the determination is of a factual nature *(see, Riviello v Waldron,* 47 NY2d 297, 303), to be determined in the first instance by the Corporation Counsel, "and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" *(Matter of Williams v City of New York,* 64 NY2d 800, 802; *see, Blood v Board of Educ.,* 121 AD2d 128, 130). The Corporation Counsel's determination here that petitioner was not acting within the scope of his employment cannot be characterized as irrational in light of petitioner's admitted violation of respondent's rules regarding firearms *(see, Kelly v City of New York,* 692 F Supp 303, 307-308; *Matter of Williams v City of New York, supra; cf., Blood v Board of Educ., supra,* at 133) and given the fact that the tortious conduct was not the result of the employee "inartfully tr[ying] to carry out [the] employer's assignment" *(Island Associated Coop. v Hartmann,* 118 AD2d 830; *see, Savarese v City of New York Hous.*

*Auth.,* 172 AD2d 506, 507-508; *Cepeda v Coughlin,* 128 AD2d 995, *lv denied* 70 NY2d 602). Petitioner's conduct was, in fact, entirely unrelated to the employer's business *(see, Hall v Danforth,* 172 AD2d 906; *Heindel v Bowery Sav. Bank,* 138 AD2d 787, 788; *Island Associated Coop. v Hartmann, supra,* at 831; *Stavitz v City of New York,* 98 AD2d 529, 532). Accordingly, petitioner is entitled to neither a defense (Public Officers Law § 18 [3] [a]) nor indemnification in the event of a judgment against him (Public Officers Law § 18 [4] [a]).

WEISS, P. J., LEVINE, MAHONEY and CASEY, JJ., concur.

Ordered that the order and judgment is modified, on the law, without costs, by striking the first decretal paragraph, and, as so modified, affirmed.