■ In the Matter of ROBERT L. SCHULZ et al., Petitioners, and SONDRA BAUERNFEIND, Appellant, v GERALD DOETSCH et al., Respondents. [629 NYS2d 841] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 23, 1994 in Sullivan County, which, *inter alia*, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint for failure to state a cause of action.

Petitioners seek to recover from respondents, former officials of the Town of Delaware in Sullivan County and a former Town Attorney, amounts they contend the Town improperly paid for legal fees in connection with the defense of two lawsuits (a Federal civil action alleging violations of the Racketeer Influenced and Corrupt Organizations Act and a State removal proceeding [*see, Matter of DeFalco v Doetsch*, 208 AD2d 1047]), in which the officials had been charged with misconduct in carrying out their duties as Town assessors and Town board members. This proceeding was commenced in December 1993 by an order to show cause which, by its terms, temporarily restrained the Town from expending any further amounts for the payment of these fees. Respondents thereafter moved to dismiss the petition for failure to state a cause of action and, in March 1994, petitioners moved to have respondents held in contempt of court for violating the temporary restraining order. Supreme Court denied petitioners' motion and dismissed the petition in its entirety, prompting this appeal by petitioner Sondra Bauernfeind (hereinafter petitioner).

Petitioner's contentions are unavailing. At the outset, we reject petitioner's contention that Supreme Court erred in dismissing the motion to hold respondents in contempt for allegedly violating the terms of the temporary restraining order, for the evidence tendered established only that the Town paid some legal fees during the relevant period, not that the amounts paid were attributable to the lawsuits at issue. As for the merits, the Town, having previously adopted an ordinance authorizing it to pay the counsel fees incurred for the defense of its officers and employees "in any civil action or proceeding

* * * arising out of * * * [that party's] public employment or duties" (Local Laws, 1986, No. 1 of Town of Delaware § 2 [a]), in accordance with express statutory authority to do so (see, Public Officers Law § 18), was well within its rights in expending the funds in question (see, Corning v Village of Laurel Hollow, 48 NY2d 348, 354) for the underlying lawsuits were founded upon allegations of malfeasance in the performance of acts that the officials, by virtue of their positions, had a duty to undertake on behalf of the Town (cf., supra, at 353).

Specifically, in the State removal proceeding, the former Town assessors were charged with improperly assessing property and engaging in meretricious recordkeeping with respect thereto, and the former Town board members were charged with failing to follow a Town Attorney's advice regarding settlement of litigation, with wrongly firing that attorney, and with conducting board meetings in violation of the Open Meetings Law. The Federal civil action was based upon some of the same activities, as well as claims that these and other officials misused the power of their offices by, for example, illegally charging for or improperly withholding municipal permits, or threatening unfavorable tax treatment, to obtain personal benefits. Significantly, these officials are not being sued for conduct "entirely unrelated to the employer's business" (Matter of Polak v City of Schenectady, 181 AD2d 233, 237); the challenged actions plainly "arose out of" the officials' public employment. And, petitioners' protestations notwithstanding, neither the local law, nor the pertinent section of the Public Officers Law, forbids the Town from providing a defense—as opposed to indemnification—simply because the acts in question may be characterized as intentional wrongdoing (compare, Public Officers Law § 18 [3], with Public Officers Law § 18 [4] [b]).

Nor does the furnishing of a defense under these circumstances violate the constitutional prohibition against a municipality giving or lending money or property to an individual (see, NY Const, art VIII, § 1), or the laws governing municipal conflicts of interest (see, General Municipal Law § 800 et seq.), since the amounts expended to pay the officials' legal fees are viewed as additional remuneration for the officials' services to the Town (see, Corning v Village of Laurel Hollow, 48 NY2d 348, 354, supra), a lawful public expense (see, Public Officers Law § 18 [9]), the approval of which, by interested board members, is expressly permitted as an exception to the conflict provisions (see, General Municipal Law § 801).

Accordingly, the second, third, fourth, and sixth claims of

the petition were properly dismissed, as was the fifth which alleges that petitioners' due process rights were violated by the same acts upon which the other claims are based. This leaves only the first claim, which petitioner acknowledges has now been rendered moot.

Mikoll, J. P., Crew, III, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.