■ Sybil Merrill, Appellant, v County of Broome et al., Respondents. [664 NYS2d 144] —Mikoll, J. Appeal from an order of the Supreme Court (Rose, J.), entered June 18, 1996 in Broome County, which granted defendants' motion to dismiss the complaint.

On April 2, 1996, plaintiff commenced this taxpayer's action to determine whether defendant County of Broome was authorized to pay counsel fees incurred by certain employees of the County Sheriff's Department in defending a Federal civil rights action involving lengthy litigation in the US District Court for the Northern District of New York. The Federal civil rights action was commenced in November 1988 by petitioner and two of her co-workers pursuant to 42 USC § 1983 and 42 USC § 2000e (title VII of Civil Rights Act of 1964) seeking punitive damages for alleged employment discrimination and sexual harassment against the Sheriff, seven supervisory officers of the Sheriff's Department, the County, the employee president of the local union and two local unions. In December 1988, the County Attorney answered on behalf of the Sheriff, the supervisory officers, the Sheriff's Department and the County, denying the allegations and raising affirmative defenses.

In February 1991, the plaintiffs in the Federal action served a second amended complaint alleging, inter alia, that the Sheriff, the supervisory officers and the union president, in both their individual and official capacities, and the County and the Sheriff's Department in their official capacities, while acting under color of State law, violated their constitutional rights by engaging in employment discrimination and sexual harassment.

The County Attorney served a second amended answer in response in March 1991 on behalf of the County and the Sheriff's Department (hereinafter collectively referred to as the County defendants) and the Sheriff and the supervisory officers (hereinafter collectively referred to as the individual defendants). Subsequently, the parties engaged in discovery and motion practice.

In December 1994, District Court ordered that the trial begin on June 14, 1995. In May 1994, the County Attorney became concerned that the interest of the County defendants and the individual defendants would conflict, thus rendering it impossible for them to be represented by the same counsel. On May

18, 1995, the County Attorney advised the District Court of the possible conflict and at the conclusion of a pretrial conference held on May 26, 1995, District Court found that there was a potential, if not actual, conflict of interest in such representation. The court also adjourned the trial until September 5, 1995.

On June 30, 1995, District Court ordered, upon the County Attorney's request, *inter alia*, that separate counsel be retained for each of the individual defendants and allowed the new counsel to pursue limited discovery and motion practice concerning the claims against the individual defendants. The order also set trial for November 20, 1995.

On July 6, 1995, defendant Broome County Legislature adopted Resolution Permanent No. 95-317 (hereinafter the Resolution) authorizing payment of legal fees and expenses of the Sheriff's Department personnel named as individual defendants in the civil action. The Resolution listed the eight law firms which would represent the individual defendants and provided for the payment of fees and all reasonable and necessary expenses. By July 17, 1995 the eight law firms had been substituted as counsel. After weeks of depositions, the individual defendants moved in October 1995 for summary judgment in the Federal action as to several of the claims. Pretrial submissions were due April 19, 1996 and trial was to commence on May 8, 1996.

The complaint in the instant taxpayer's action (April 2, 1996) alleges, *inter alia*, that the Resolution authorizing the County to pay the legal costs of the individual defendants in defending the Federal action was unconstitutional and that any payments made or intended to be made by the County would violate NY Constitution, article VIII, § 1 and Public Officers Law § 18 (3) (a) and (b). Defendants answered and counterclaimed for costs, disbursements and counsel fees as a sanction under CPLR 8303-a. Defendants also moved for dismissal. Supreme Court dismissed the complaint, without sanctions, on April 26, 1996, and plaintiff appealed.

There should be an affirmance. The County was obligated to defend the supervisory officers as their alleged wrongdoing occurred or allegedly occurred within the scope of their employment. Clearly, a conflict of interest existed between the County defendants and the supervisory officers at the time the Resolution authorizing payment of legal costs was adopted July 6, 1995. Additionally, Supreme Court had found that the County was required to pay for the Sheriff's defense. Contrary to the arguments of plaintiff, Broome County was obligated to defend

the supervisory officers. County Law § 501 (1) requires that "[t]he county attorney * * * defend all civil actions and proceedings brought by or against the county, board of supervisors and any officer whose compensation is paid from county funds for any official act, except as otherwise provided". Under Public Officers Law § 18 (3) (a), a public entity is required to defend an employee who has complied with certain conditions (*see, Matter of Hogue v Zoning Bd. of Appeals*, 239 AD2d 807, 808; *Matter of Hunt v Hamilton County*, 235 AD2d 758, 759-760).

Since a public entity is required to defend an employee if the action in question "allegedly occurred" (Public Officers Law § 18 [3] [a]) within the scope of the employee's employment, the complaint must be reviewed to ascertain whether it charges that the employee was acting within the scope of his or her employment at the time of the alleged wrongdoing (*see, Matter of Polak v City of Schenectady*, 181 AD2d 233, 236; *see also, Hassan v Fraccola*, 851 F2d 602; 1995 Opns Atty Gen 1010). And, regardless of the allegations of the complaint, a public entity must also defend if an objective investigation reveals that the alleged wrongful act was committed in the course of employment (*see, Matter of Polak v City of Schenectady, supra,* at 236; *Beare v Byrne*, 103 AD2d 814, 815, *affd* 67 NY2d 922; 1995 Opns Atty Gen 1010; 1992 Atty Gen [Inf Opns] 1031).

In the Federal action, District Court examined the complaint and found that it charged, at least implicitly, that the alleged wrongdoing by the supervisory officers occurred within the scope of their employment and while acting in accordance with a County policy (*see, Doolittle v Ruffo*, US Dist Ct, ND NY, Mar. 27, 1996, McCurn, J.; *Doolittle v Ruffo*, 882 F Supp 1247, 1264). District Court's finding in this regard was fully litigated and should be followed by this Court (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Thus, the County was required to defend the supervisory officers pursuant to Public Officers Law § 18 (3) (a).

We are unpersuaded as well by plaintiff's claim that a conflict between the individual defendants and the County defendants did not exist, and that the County Attorney's claim that such conflict might exist was "a pretext to continue the federal trial and obtain further discovery", nor by her further contention that District Court's order for separate counsel was based on the possibility of a conflict and not on the existence of a conflict, and thus improper.

The issue of a possible conflict of interest in the Federal action was fully developed in District Court and its decision

should have been challenged by a direct appeal before a Federal court. Such issue should not be reviewed by this Court. However, whether a conflict of interest existed at the time the Resolution was adopted (July 6, 1995), which fulfilled the requirements of Public Officers Law § 18 (3) (b), is appropriately before this Court (*see, e.g., Dunton v County of Suffolk*, 729 F2d 903, 907; *see also, Owen v City of Independence*, 445 US 622; *Matter of Galligan v City of Schenectady*, 116 AD2d 798, 799, *lv denied* 67 NY2d 607).

We find that a conflict of interest existed between the County defendants and the supervisory officers at the time the Resolution authorizing the payment of legal costs was adopted, almost seven years after commencement of the Federal action. In the second amended answer the County Attorney asserted defenses which alleged that the individual defendants "were not the agents of [the County]" and that the conduct complained of was not "pursuant to a custom or policy adopted by [the County]". Thus, as early as March 1991, when the second answer was filed, there was an actual conflict of interest (*see, England v Town of Clarkstown*, 166 Misc 2d 834, 836). Further, the plaintiffs in the Federal action attempted to preclude the County defendants from claiming that the individual defendants had acted outside the scope of their authority (*see, Doolittle v Ruffo*, US Dist Ct, ND NY, Apr. 11, 1996, McCurn, J.). Clearly a conflict existed at this point, but a conflict also arose thereafter and the County's legal costs were then proper as well (*see*, Public Officers Law § 18 [3] [b]; County Law § 501 [2]).

Also rejected is plaintiff's argument that any payments made in the Federal action based on the County defendants' allegations that the alleged acts occurred outside the scope of employment were improper because it would be impossible for the acts to have occurred within the scope of employment as required by Public Officers Law § 18 (3) (a). A public entity must defend an employee if the alleged act "occurred" or "allegedly occurred" within the scope of employment. A conflict of interest identified after such a finding is made invokes Public Officers Law § 18 (3) (b) and should not destroy the determination made under Public Officers Law § 18 (3) (a). To do so would allow municipalities to avoid their obligation to defend their employees by merely alleging that the act occurred outside the scope of employment.

Plaintiff's claim that Supreme Court improperly found that the County was authorized to pay the legal costs incurred by the Sheriff in defending the Federal action is without merit.

The Resolution provided that the County would pay counsel fees to the law firm of Hinman, Howard & Kattell incurred in connection with defending the Sheriff. County Law § 501 (2) provides that the County Attorney must represent the County and an officer may retain an attorney at his own expense unless the provisions of Public Officers Law § 18 apply. The Sheriff is specifically excluded from such coverage (Public Officers Law § 18 [1] [b]). Defendants' argument is meritorious that the County Attorney was prepared to defend the Sheriff in connection with the Federal action but was precluded from doing so by District Court, that the Sheriff's interests were not inconsistent with those of the County defendants and that since District Court ordered separate counsel for the County defendants and the Sheriff, disqualifying them from acting, they were permitted to employ counsel on his behalf (*see*, *Cahn v Town of Huntington*, 29 NY2d 451). Further, the County Attorney requested that he be disqualified from representing all of the individual defendants and did not exclude the Sheriff from such request.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.