■ TOWN OF SOMERS et al., Appellants, v TITAN INDEMNITY COMPANY, Respondent. [735 NYS2d 614] —In an action for a judgment declaring that the defendant Titan Indemnity Company is obligated to defend and indemnify the plaintiffs Robert Brandt and Edward Von Minden under a Public Officials Liability insurance policy issued to the plaintiff Town of Somers in an underlying action entitled *O'Hearn v Town of Somers,* pending in the United States District Court, Southern District, New York, under case no. 99 CIV 2098, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 12, 2000, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment, *inter alia,* declaring that the defendant is obligated to defend and indemnify the plaintiffs Robert Brandt and Edward Von Minden in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiffs Robert Brandt and Edward Von Minden in the underlying action.

In 1999 a former employee of the Town of Somers (hereinafter the Town) Highway Department, commenced the underlying action against the Town and four of its employees. Two of the employees were in supervisory positions and two employees, the plaintiffs Robert Brandt and Edward Von Minden, were in nonsupervisory positions. The underlying action seeks to recover damages for sexual harassment and civil rights violations based on acts allegedly committed by Brandt and Von Minden. The defendant Titan Indemnity Company (hereinafter Titan) issued a Public Officials Liability insurance policy to the Town, and agreed to provide coverage to the Town and the two supervisory employees under a reservation of rights, but disclaimed as to Brandt and Von Minden on the ground that they were not acting within the scope of their employment when they allegedly committed the offensive acts.

The Town, Brandt, and Von Minden commenced the instant action for a judgment declaring that Titan is obliged to defend and indemnify Brandt and Von Minden under the subject policy. Titan moved for summary judgment dismissing the complaint and the plaintiffs cross-moved for summary judgment declaring that Brandt and Von Minden were entitled to a defense and indemnity. The Supreme Court granted Titan's motion and denied the plaintiffs' cross motion. We affirm.

The subject policy provides coverage for acts or omissions by the insured "in the discharge of their duties for the public entity." Employees are insured "only for acts within the scope of their duties for [the Town]." The alleged acts of Brandt and Von Minden, intentional acts of sexual harassment, were not within the scope of their employment and did not advance the Town's interests (*cf., Adams v New York City Tr. Auth.,* 88 NY2d 116; *Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298; *Lippold v Duggal Color Projects,* 1997 WL 529014 [US Dist Ct, SD NY, Aug. 25, 1997, Martin, J.]). Accordingly, the Supreme Court properly determined that Titan had no duty to defend or indemnify Brandt and Von Minden in the underlying action.

The plaintiffs' remaining contentions are without merit. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.