■ In the Matter of ERIN DREYER, Respondent, v CITY OF SARATOGA SPRINGS et al., Appellants. [840 NYS2d 680]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered August 24, 2006 in Saratoga County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent City of Saratoga Springs to provide a legal defense to petitioner in two federal actions in which she is a defendant.

Appointed to the position of Deputy Commissioner of Public Safety for respondent City of Saratoga Springs by Thomas Curley, the City's then-elected Commissioner of Public Safety (hereinafter Commissioner), petitioner was directed to oversee and supervise the day-to-day operations of the police department. Following the issuance of a grand jury report which determined that petitioner, among other things, committed several acts of misconduct, infused politics into the day-to-day operation of the police department and took deliberate actions to create and foster dissension within the police department, petitioner's employment was terminated by the elimination of

her position by respondent City Council. Subsequently, the Chief of Police commenced an action against petitioner and the Commissioner in the United States District Court for the Northern District of New York, alleging, among other things, that petitioner, perceiving the Chief of Police as a political enemy of the Commissioner, implemented a plan involving harassment, defamation and illegal conduct designed to force him to resign from the department, all in violation of his constitutional rights.

Although the City Council agreed to provide the Commissioner with a defense pursuant to the provisions of Saratoga Springs City Code § 9-1 (hereinafter City Code § 9-1), the City Council refused to do the same for petitioner since they viewed petitioner's conduct as alleged in the complaint as outside the scope of her employment as Deputy Commissioner of Public Safety. As a consequence, petitioner commenced the instant CPLR article 78 proceeding seeking, among other things, to compel respondents to provide such defense. During the pendency of this proceeding, Assistant Police Chief James Cornick brought a federal action against petitioner, the Commissioner and the City, alleging facts and claims nearly identical to those charged in the complaint of the Chief of Police. When the City once again declined to provide a legal defense, petitioner amended her CPLR article 78 proceeding seeking to annul this determination on the same grounds as asserted in her original petition. Supreme Court annulled respondents' determinations not to provide petitioner with a defense in the two federal actions and respondents now appeal.

First, whether the City adopted the provisions of Public Officers Law § 18, as petitioner alleges in her amended petition, and whether Supreme Court erred in determining that respondents do not contest this issue (they do, as evidenced by their verified answer) are issues rendered academic because the language employed in City Code § 9-1—"[t]he City Council of the City of Saratoga Springs agrees to provide a defense and indemnify its officers and employees in any state or federal legal action arising out of *any alleged act or omission which occurred or allegedly occurred* in the scope of official duty or public employment" (emphasis added)—is identical to that contained in Public Officers Law § 18 (3) (a). Thus, Supreme Court did not err in applying case law interpreting Public Officers Law § 18 in interpreting City Code § 9-1 (*see* 1997 Ops Atty Gen No. I 97-40; *Matter of Schulz v Doetsch*, 217 AD2d 861, 862 [1995]). Accordingly, whether respondents owe petitioner a legal defense under City Code § 9-1 hinges on whether the federal complaints *allege* that the employee was acting within the scope

of her employment at the time of the alleged wrongdoing (*see Merrill v County of Broome*, 244 AD2d 590, 592 [1997]; *Matter of Polak v City of Schenectady*, 181 AD2d 233, 236 [1992]). If the allegations of the complaint suggest that any of the conduct asserted falls reasonably within the scope of employment, the duty to provide a defense is triggered since the duty to defend is extremely broad and exists regardless of how baseless the complaint may be (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Matter of Sharrow v State of New York*, 216 AD2d 844, 845 [1995], *lv denied* 87 NY2d 801 [1995]).

" '[T]he determining factor is the conduct charged by the injured party, not what the actual conduct may in fact have been' " (*Matter of Polak v City of Schenectady, supra* at 236, quoting *Matter of Spitz v Abrams*, 123 Misc 2d 446, 450 [1984], *affd* 105 AD2d 904 [1984]; *see Hassan v Fraccola*, 851 F2d 602, 604 [2d Cir 1988]). Only when the complaint fails to allege that the defendant acted within the scope of his or her employment is the municipality authorized to independently investigate the underlying facts and determine whether the charged conduct did, in fact, occur within the scope of the employee's duties (*see* 1997 Ops Atty Gen No. I 97-40; 1995 Ops Atty Gen No. I 95-6; *see also Merrill v County of Broome, supra* at 592). Moreover, a municipal employer's statutory duty to defend pursuant to Public Officers Law § 18 is analogous to an insurance company's contractual duty to defend an insured (*see Matter of Sharrow v State of New York, supra* at 845; *Matter of Polak v City of Schenectady, supra* at 235; *Matter of Spitz v Abrams, supra* at 450; *see also Hassan v Fraccola, supra* at 604; *Giordano v O'Neill*, 131 AD2d 722, 723 [1987]; *see generally Matter of Garcia v Abrams*, 98 AD2d 871 [1983]).

By applying these principles to the pleadings herein, a review of the complaint of the Chief of Police reveals no specific allegation that petitioner acted within the course or scope of her employment when she committed the charged conduct. Instead, the complaint essentially alleges that petitioner, employing the powers delegated to her by the Commissioner of Public Safety to oversee all day-to-day operations of the police department, used her position to effectuate a plan to force the Chief to resign. Although some of the conduct charged in the Chief's complaint may arguably be outside of the scope of her employment or intentional, some of the allegations fall clearly within the scope of her employment, thus entitling her to a defense under City Code § 9-1 (*see Matter of Schulz v Doetsch, supra* at 862; *Matter of Polak v City of Schenectady, supra* at 237). The Cornick complaint explicitly alleges that the conduct engaged in by

petitioner was within the course or scope of her employment. No more is needed to trigger the City's duty to provide a defense (*see Hassan v Fraccola, supra* at 604). Since our analysis is guided by the allegations of the respective complaints, we specifically reject respondents' contention that it was error to not consider additionally the findings set forth in the grand jury report.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.