**Kathleen HIGGINS, Plaintiff,**

v.

**TOWN OF SOUTHAMPTON, Allyn Jackson, Sundy Schermeyer, and Curtis Schaffer (In their Individual and Official Capacities), Defendants.**

No. CV 06–3941(JS)(ETB).

United States District Court,
E.D. New York.

May 14, 2009.

Scott Michael Mishkin, P.C., by Scott M. Mishkin, Esq., John Nicholas Forte, Islandia, NY, for Plaintiff.

Devitt Spellman Barrett, by Jeltje De-Jong, Esq., Kelly E. Wright, Esq., Smithtown, NY, for Defendants Town of Southampton, Allyn Jackson and Sundy Schermeyer.

Law Offices of James D. Murtha, by James D. Murtha, Esq., Babylon, NY, for Defendants Curtis Schaffer.

*ORDER*

BOYLE, United States Magistrate Judge:

Before the Court is the application of defendant Curtis Schaffer ("Schaffer"), seeking a determination, pursuant to Section 18(3)(b) of the New York Public Officers Law, that a conflict of interest exists among the defendants and that Schaffer is entitled to be represented by counsel of his choice. The Town of Southampton (the "Town") opposes Schaffer's application. For the following reasons, Schaffer's application is granted.

Section 18(3)(a) of the New York Public Officers Law states that a "public entity shall provide for the defense of [an] employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties." N.Y. Pub. Off. Law § 18(3)(a);

*see also Hassan v. Fraccola,* 851 F.2d 602, 604 (2d Cir.1988) ("Section 18(3)(a) provides that a municipality will furnish an employee with a defense in a lawsuit arising from certain 'alleged act[s] or omission[s].' "). This provision has been adopted by the Town of Southampton and codified at Southampton Town Code § 14–2, which provides, in pertinent part, as follows:

The Town shall provide for the defense of any Town officer or employee in any civil action or proceeding arising out of any alleged act or omission in which it is alleged that the officer or employee has violated the civil rights of the claimant, petitioner or plaintiff under §§ 1981 and 1983 of the United States Civil Rights Act.

Southampton Town Code § 14–2.

Pursuant to Section 18(3)(b) of the New York Public Officers Law, a public employee is "entitled to be represented by private counsel of his choice in any civil action or proceeding" when it is determined, whether by the public entity's counsel or by a court, "that a conflict of interest exists...." N.Y. Pub. Off. Law § 18(3)(b). The reasonable attorney's fees and costs of such representation are to be paid by the public entity "with the approval of the governing body of the public entity." *Id.*

There is no dispute here that a conflict of interest exists among the defendants. First, Schaffer requested that the Town defend him in the within action. (Schaffer's Mot. ¶ 5 and the Exhibit, annexed thereto.) The Town never responded to Schaffer's request. (Schaffer's Mot. ¶ 5.) Moreover, in its opposition to the within motion, the Town does not deny failing to respond to Schaffer's request for representation or otherwise state that it is willing to represent him. Second, the Town is currently representing the other two individual defendants, Allyn Jackson

("Jackson") and Sundy Schermeyer ("Schermeyer"), both of whom are still employed by the Town. (Schaffer Reply ¶ 9.) Thus, the Town's available defense of Jackson and Schermeyer at trial is that any liability for plaintiff's alleged injuries lies solely with Schaffer. Finally, in its opposition to the within motion, the Town does not deny that a conflict of interest exists among the defendants and, in fact, acknowledges the existence of one by asserting that the actions taken by Schaffer were done in bad faith, for which the Town is not required to defend or indemnify him. (DeJong Decl., dated Mar. 9, 2009, ¶¶ 5–6, 9.) This is the crux of the issue before the Court.

The Town asserts that under both the New York Public Officers Law and the Southampton Town Code, it is only entitled to defend and indemnify Schaffer if he was acting in good faith and within the scope of his employment at the time of the complained of actions. (DeJong Decl., dated Mar. 9, 2009, ¶ 5.) According to the Town, the allegations of the Amended Complaint "confirm[ ] that Schaffer was not acting in good faith at the time of the incidents underlying the complaint," (*id.* ¶ 7), and that the allegations, as well as the Town's investigation "refute any claim of good faith." (*Id.* ¶ 9.)

■ However, as the Second Circuit has pointed out, "the duty to defend is broader than the duty to indemnify." *Hassan,* 851 F.2d at 605 (citing *Colon v. Aetna Life & Cas. Ins. Co.,* 66 N.Y.2d 6, 8–9, 494 N.Y.S.2d 688, 484 N.E.2d 1040 (1985)). In *Hassan v. Fraccola,* 851 F.2d 602 (2d Cir. 1988), the Second Circuit confronted the exact same argument asserted herein by the Town: that the public employee is required to establish that he was acting within the scope of his employment before the public entity must defend the employee. *See id.* at 602; DeJong Decl., dated Mar. 9, 2009, ¶ 5. In expressly rejecting that argument, the Second Circuit held that the municipality's "duty to defend is triggered by the allegations made in the complaint," *Hassan,* 851 F.2d at 602, and does not, as the Town herein contends, allow the public entity "to make its own determination of fact as to whether the defendant was acting within the scope of his or her employment before assuming the duty to defend." *Id.* at 603

The court in *Hassan* looked at the plain language of the New York Public Officers Law and concluded that the words "allegedly occurred" as used in the statute "would have no purpose if the municipality could decide for itself whether the questioned acts occurred within the scope of the employee's duties...." *Id.* at 604. The court accordingly found that "the only reasonable interpretation of section 18(3)(a) is that the allegations in the complaint trigger the [municipality's] duty [to defend]." *Id.*

The Second Circuit also went on to compare the duty to defend as codified in Section 18(3)(a) with the duty to indemnify embodied in Section 18(4)(a), which states that "indemnification will be provided when 'the act or omission ... occurred while the employee was acting within the scope of his public employment or duties.'" *Hassan,* 851 F.2d at 604 (quoting N.Y. Pub. Off. Law § 18(4)(a)). The court found that, unlike the provision mandating a duty to defend, the indemnification provision "requires a finding of fact, to be made either by a jury [or] a judge...." *Hassan,* 851 F.2d at 604–05. "It is not unreasonable to think that, had the legislature intended to make the duty to defend rest on a finding of fact, the language of subsection 18(3)(a) would have mirrored that of subsection 18(4)(a)." *Id.* at 605.

In the within action, Judge Seybert has already explicitly found that "the allega-

tions in the ... amended complaint refer solely to conduct within the discharge of the Individual Defendants' duties as supervisors. Although Plaintiff alleges such conduct was willful and done with a malicious intent, there are no allegations involving conduct outside the scope of the Individual Defendants' employment." (Order Adopting Report and Recommendation, Seybert, J., dated Mar. 3, 2008, 10.) Accordingly, under the holding set forth in *Hassan*, and based on the allegations set forth in the amended complaint, the Town is statutorily obligated to defend Schaffer. Whether Schaffer is ultimately found to have been "acting within the scope of his employment is one of fact which, in most circumstances, can be determined only after a trial or some other judicial proceeding," such as summary judgment. *Hassan*, 851 F.2d at 605. "[A]bsent a clear directive to the contrary from the legislature," the Town is not permitted "to anticipate what will be uncovered at trial, especially when the result of its speculation may be to deny its employee a statutorily mandated defense." [1] *Id.*

Based on the foregoing, it is clear that the Town has a duty to defend Schaffer. It is equally clear that a conflict of interest exists between Schaffer and the other defendants. Accordingly, Schaffer is afforded the full benefits of Section 18 of the New York Public Officers Law and, as such, is entitled to be represented in this action by private counsel of his choice. Whether the Town is obligated to indemnify Schaffer is an issue of fact that will be determined at a later stage in these proceedings. Schaffer's application is accordingly granted.

**SO ORDERED.**

---

1. It should also be noted that in her Order Adopting the Report and Recommendation of the undersigned, Judge Seybert specifically found as follows:

   [P]ursuant to Public Officers Law Section 18(3)(a), and the Town's adoption of such law, the Town provides for the defense and indemnification of Town employees in any civil action or proceeding where the alleged acts occurred while the employee was acting within the scope of his public employment or duties.... As a result, the Town has a statutory obligation to defend and indemnify the Individual Defendants for actions taken with the scope of their employment as Town employees.

   (Order Adopting Report and Recommendation, Seybert, J., dated Mar. 3, 2008, 9.) This finding was based, in part, on the objections to the Report and Recommendation asserted by the Town, wherein it stated that "the Town has a duty to indemnify Jackson, Schermeyer and Schaffer" and that "each of the individual defendants was working within the scope of their employment with the Town, with regard to the incidents contained within the complaint." (DeJong Decl. dated Oct. 29, 2007, ¶¶ 9–10.)

   The Town now contends that while it "conceded that it had a duty to defend the individuals with respect to the New York Executive Law § 296 claim," it "did not concede that Schaffer acted in good faith" or that "it had a duty to indemnify Schaffer with respect to the § 1983 claims." (DeJong Decl., dated Mar. 9, 2009, ¶ 3.) The Town is effectively speaking out of both sides of its mouth and I find this argument wholly disingenuous.