■ In the Matter of Mark A. Bonilla, Respondent, v Town of Hempstead, Appellant. [16 NYS3d 594]—

In a proceeding pursuant to CPLR article 78 to compel the Town of Hempstead to provide the petitioner with a defense and indemnification in an action entitled *Smith v Town of Hempstead*, pending in the United States District Court for the Eastern District of New York, under action No. CV-134985, the Town of Hempstead appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered March 21, 2014, as granted the petition to the extent of directing the Town of Hempstead to provide the petitioner with a defense in the underlying action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner was formerly employed as the Town Clerk of the Town of Hempstead. He commenced this CPLR article 78 proceeding, inter alia, to compel the Town to provide him with a defense in an action to recover damages for sexual harassment, which was pending in the United States District Court for the Eastern District of New York. The Supreme Court granted the petition to the extent of directing the Town to provide a defense for the petitioner in the federal action. The Town appeals.

Section 11-2 (A) of the Code of the Town of Hempstead (hereinafter the Town Code) provides, in relevant part, that the Town "shall provide for the defense of an employee [or former employee] in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged . . . to have occurred while the employee was acting within the scope of his [or her] public employment or duties or which is brought to enforce a provision of [42 USC § 1981 or § 1983]" (*see* Town Code § 11-1). With the exception of the provision regarding actions "brought to enforce a provision of [42 USC § 1981 or § 1983]," the language contained in Town Code § 11-2 (A) is substantially similar to language contained in Public Officers Law § 18 (3) (a): "the public entity shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his [or her] public employment or duties" (*see also Matter of Dreyer v City of Saratoga Springs*, 43 AD3d 586, 587 [2007]).

Although the underlying federal complaint seeks to recover damages for civil rights violations pursuant to 42 USC § 1983, neither the parties nor the Supreme Court addressed the provision of Town Code § 11-2 (A) directing the Town to defend an employee in any action to enforce a provision of 42 USC § 1983. Instead, the parties and the Supreme Court focused solely upon the provision regarding the Town's duty to defend when the federal complaint alleges that an employee engaged in acts or omissions which allegedly occurred while the employee "was acting within the scope of his [or her] public employment or duties" (Town Code § 11-2 [A]). The Supreme Court determined that, pursuant to the broad language of Town Code § 11-2 (A), the Town must provide a defense for the petitioner because the underlying federal complaint contains allegations that he committed sexual harassment while he was acting in the scope of his employment. Accordingly, we focus only on the question of whether the federal complaint sufficiently alleged that the harassment occurred while the petitioner was acting in the scope of his employment.

The duty to defend is broader than the duty to indemnify (*see Higgins v Town of Southampton*, 613 F Supp 2d 327, 329 [2009]), and it is triggered if the civil complaint includes allegations that the employee was acting within the scope of his or her employment at the time of the alleged wrongdoing (*see Matter of Dreyer v City of Saratoga Springs*, 43 AD3d 586, 588 [2007]; *Matter of Polak v City of Schenectady*, 181 AD2d 233,

235-236 [1992]; *see also Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002]). Here, the underlying federal complaint specifically alleges, among other things, that the petitioner committed sexual harassment while acting in the scope of his employment as the Town Clerk, the Town facilitated a hostile work environment, and the Town failed to prevent workplace harassment. Contrary to the Town's contention, the Supreme Court correctly determined that the allegations in the federal complaint were sufficient to trigger the Town's broad duty to defend the petitioner (*see Hassan v Fraccola*, 851 F2d 602, 602-603 [1988]; *Lang v Kidera*, 2013 WL 210905, 2013 US Dist LEXIS 7848 [WD NY, Jan. 18, 2013, No. 11-CV-6603-CJS]; *Higgins v Town of Southampton*, 613 F Supp 2d at 329; *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Matter of Dreyer v City of Saratoga Springs*, 43 AD3d at 587-588; *cf. Town of Somers v Titan Indem. Co.*, 289 AD2d 563, 564 [2001]).

Accordingly, the Supreme Court properly granted the petition to the extent of directing the Town to provide a defense for the petitioner in the federal action. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.