Matter of Barnhart v County of Monroe (2025 NY Slip Op 02508)

Matter of Barnhart v County of Monroe

2025 NY Slip Op 02508

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

372 CA 24-00721

[*1]IN THE MATTER OF RACHEL BARNHART, PETITIONER-RESPONDENT,
v
COUNTY OF MONROE AND JOHN P. BRINGEWATT, IN HIS OFFICIAL CAPACITY, RESPONDENTS-APPELLANTS. 

JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARIA E. RODI OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
ERNSTROM & DRESTE LLP, ROCHESTER (MICHAEL F. HIGGINS OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (James A. Vazzana, J.), entered April 10, 2024, in a proceeding pursuant to CPLR article 78. The judgment granted the petition to the extent of directing respondents to provide petitioner a defense. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, a county legislator employed by respondent County of Monroe, commenced this proceeding pursuant to CPLR article 78 to challenge the determination of respondent John P. Bringewatt, the county attorney, denying her request that the County defend and indemnify her in a defamation action. The defamation action related to statements made by petitioner at a press conference and in a post on social media, calling for an official investigation of allegations made by a firefighter who attended a party at a house in her legislative district. Respondents appeal from a judgment that, inter alia, granted the petition to the extent of directing respondents to provide petitioner a defense in the defamation action. We affirm.
The County has a duty to provide a defense and indemnification to petitioner if her conduct occurred or allegedly occurred "while [she] was acting within the scope of [her] public employment or duties" (Matter of Riehle v County of Cattaraugus, 17 AD3d 1029, 1029 [4th Dept 2005]; see Monroe County Code §§ 39-3 [A], 39-4 [A]), and the determination that petitioner was not acting within the scope of her public employment or duties "may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" (Matter of Williams v City of New York, 64 NY2d 800, 802 [1985]).
Here, Bringewatt determined that petitioner was not acting within the scope of her employment or duties because the complaint in the defamation action does not sue petitioner in her official capacity and does not make specific reference to County business. We conclude that the determination was arbitrary and capricious because it relied on aspects of the defamation complaint that are not determinative of the issue and failed to consider whether the alleged conduct actually occurred while petitioner was acting within the scope of her public employment or duties (see Beare v Byrne, 103 AD2d 814, 815 [2d Dept 1984], affd for reasons stated 67 NY2d 922 [1986]; Merrill v County of Broome, 244 AD2d 590, 592 [3d Dept 1997]; Matter of Polak v City of Schenectady, 181 AD2d 233, 236 [3d Dept 1992]). Here, the record reveals that the alleged conduct occurred while petitioner was acting within the scope of her public employment inasmuch as petitioner addressed the public in her capacity as a Monroe County [*2]legislator at the time she made the statements at the press conference and when she posted on social media. Bringewatt's further rationale that petitioner addressed City employees and the misuse of City, and not County, resources fails to recognize that petitioner's legislative district falls within the City. Addressing public concerns, supporting constituents, and calling for official investigations, regardless of the specific municipality performing the investigation, are functions of a legislator (see generally People v Ohrenstein, 77 NY2d 38, 47 [1990]). Moreover, it cannot be said that petitioner's statements were made for wholly personal reasons unrelated to her job (cf. Matter of Krug v City of Buffalo, 34 NY3d 1094, 1096 [2019]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court